**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SERGEI CHEPILKO,

                 Plaintiff,

        -against-

P.O. YEVGENIY BUSHUYEV; P.O. JAMES
FARAH; P.O. DAVID LAMARRE; P.O.
JOHNSTON; LT. SUNG; THE CITY OF NEW
YORK; JOHN OR JANE DOE IN THEIR
OFFICIAL AND INDIVIDUAL CAPACITIES,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

14 Civ. 6732 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Sergei Chepilko brought this action under 42 U.S.C. § 1983 against police officers Yevgeniy Bushuyev, James Farah, David Lamarre, Sung Henry, Marvin Luis, Malik Williams, Yulamnia Gaton, and Johnston, as well as the City of New York. (Am. Compl., ECF No. 32.) Plaintiff alleged that Defendants violated his civil rights in a series of interactions between 2010 and 2013.

    The Defendants moved to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' Mot. to Dismiss, ECF No. 54.) Before this Court is Magistrate Judge Gabriel Gorenstein's October 31, 2016 Report and Recommendation ("Report," (ECF No. 66)), recommending that Defendants' motion to dismiss be granted.[1] (Report, at 1.) This Court adopts that recommendation.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

## I.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 17-18.) No objection to the Report has been filed.

"A Rule 12(b)(6) motion challenges the legal sufficiency of the claims asserted in a complaint." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, No. 13 Civ. 3180, 2015 WL 5472944, at *13 (S.D.N.Y. Sept. 16, 2015). In deciding a Rule 12(b)(6) motion, a court "accept[s] all factual allegations in the complaint as true . . . and draw[s] all reasonable inferences" in favor of the plaintiff. *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008)). A court is "not, however, 'bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman,* 517 F.3d 140, 149 (2d Cir. 2008)). In order to survive such a motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at \*2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While courts read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation and quotation marks omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *Twombly*, 550 U.S. at 555). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted); *see also Sharma v. D'Silva*, 157 F. Supp. 3d 293, 300 (S.D.N.Y. 2016).

## II.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER SECTION 1983

Neither party objected to the Report's recommendation to grant the Defendants' motion to dismiss the Amended Complaint. Having found no clear error, and for the reasons discussed further below, this Court accepts that recommendation.

1.   May 7, 2010 Incident[2]

Plaintiff asserts that on May 7, 2010, "P.O. Johnston . . . illegally demanded license [sic] from plaintiff . . . and issued him a summons which was dismissed." (Am. Compl. ¶ III(C).)

---

[2] Although Plaintiff has never explained which rights he contends were violated in each of the four incidents, Magistrate Judge Gorenstein properly analyzed several possible theories of liability in evaluating whether the Amended Complaint states a claim under 42 U.S.C. § 1983.

Magistrate Judge Gorenstein properly found that any false arrest or unlawful stop claims are barred by the applicable statute of limitations—i.e., three years from the date of arrest or stop. (Report, at 11.) *See, e.g.*, *Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir. 1980); *Covington v. City of N.Y.*, 916 F. Supp. 282, 285 (S.D.N.Y. 1996); *Harrison v. New York*, 95 F. Supp. 3d 293, 326-27 (E.D.N.Y. 2015). Because Plaintiff did not bring this action until August 2014, a false arrest or unlawful stop claim is untimely and should be dismissed. Further, for the reasons stated in the Report, Plaintiff has not alleged any facts supporting a malicious prosecution claim based on the summons he says resulted from the May 2010 incident. (Report, at 12.)

2. August 20, 2011 Incident

Plaintiff asserts that on August 20, 2011, Defendants Bushuyev, Farah, and Lamarre "stopped plaintiff walking with the bike, illegally searched plaintiff's bag, threatened to arrest, and issued two summonses for 'no helmet' and 'fail[ure] to comply w[ith] posted sign.' – clearly in retaliation because plaintiff earlier sued Farah for violation of civil rights." (Am. Compl. ¶ III(C).) Magistrate Judge Gorenstein properly found that the Amended Complaint does not contain any factual allegations indicating a lack of probable cause for the summonses, and therefore fails to state a claim for false arrest and unlawful stop. (Report, at 13-14.) The Amended Complaint also fails to state a malicious prosecution claim because Plaintiff has not shown a lack of probable cause or deprivation of liberty. (*Id.*, at 14.)

In addition, because Plaintiff has only alleged in a conclusory fashion that Defendants "illegally searched" his bag, Magistrate Judge Gorenstein properly concluded that that claim should be dismissed as well. (*Id.*) Finally, the Report correctly found that Plaintiff has not shown how the Defendants chilled the exercise of his First Amendment rights and therefore he has not adequately alleged a retaliation claim. (*Id.*, at 15.)

- 4 -

3.  December 4, 2011 Incident

The Amended Complaint states simply that Defendant Gaton "assaulted plaintiff on 12/14/2011 at West 50 Str." (Am. Compl. ¶ III(C).)  Because the Amended Complaint lacks any other allegations regarding this incident or any injuries to Plaintiff, Magistrate Judge Gorenstein properly found that any claim for excessive force must be dismissed. (Report, at 15-16.)

4.  November 8, 2013 Incident

The Amended Complaint alleges that on November 8, 2013, "Lt. Sung ordered two other police officers to issue to the plaintiff tickets for disorderly conduct after plaintiff complained that police officer was punching clearly mentally disturb[ed] man (P.O. Luis) (P.O. Williams)." (Am. Compl. ¶ III(C).)  However, Plaintiff does not allege that he received any summons on this date or describe the outcome, nor does he allege that he was detained by the officers.  Accordingly, Magistrate Judge Gorenstein properly concluded that Plaintiff's claims relating to this incident should be dismissed. (Report, at 16.)

5.  Municipal Liability

The Amended Complaint also asserts that the "City of New York failed to train police officers." (Am. Compl. ¶ IV.)  However, Plaintiff has not connected the alleged failure to train police officers to any of his injuries or provided any other factual allegations for this claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Accordingly, Judge Gorenstein properly determined that any claim against the City of New York must be dismissed. (Report, at 17.)

## III.   CONCLUSION

Magistrate Judge Gorenstein's Report and Recommendation is adopted.  The Defendants' motion to dismiss the Amended Complaint is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 54.

Dated: New York, New York
      December __, 2016

DEC 0 5 2016

SO ORDERED.

_George B Daniels_
GEORGE B. DANIELS
United States District Judge